CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

October 22, 2025

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

**IN RE:  YELLOW POPLAR LUMBER COMPANY, INC.,**

Debtor, Bankr. Case No. 17-70882.

---

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA,** | ) | |
| | ) | |
| Appellant, | ) | Case No. 1:25CV00007 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Appellee. | ) | |

*Scot S. Farthing, Robert T. Copeland, and Andrew C. McBride, FARTHING LEGAL, P.C., Wytheville, Virginia, for Appellant; Andrew Warner, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., and Krista Consiglio Frith, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Roanoke, Virginia, for Appellees.*

In this bankruptcy appeal, the State of South Carolina appeals from the decision of the bankruptcy court finding that under the Bankruptcy Act of 1898 unclaimed funds of the estate are not subject to escheat under state law but must be held in the United States Treasury.  For the reasons discussed below, I will affirm.

## I.  FACTUAL SUMMARY.

On July 17, 1928, an involuntary Chapter VII bankruptcy petition was filed against  Yellow  Poplar  Lumber  Company,  Inc. (Yellow  Poplar)  under  the

Bankruptcy Act of 1898. In 1931, the United States District Court for the Western District of South Carolina adjudged Yellow Poplar a bankrupt and closed the case.[1]

On April 3, 2013, a dispute arose as to the current ownership of the natural gas estates in Virginia that Yellow Poplar owned prior to the bankruptcy. The South Carolina bankruptcy case was reopened and transferred to this District, where the property was located. The parties to the dispute settled the ownership case in 2017.[2] Pursuant to the settlement, the Yellow Poplar estate received proceeds from gas wells it had an interest in at the time of its bankruptcy. The bankruptcy trustee subsequently sold those gas rights, and the proceeds were combined with royalties already received by the estate to be disbursed. Following disbursements, including to creditors and stockholders who could be located, the trustee was left with $422,857.12 in unclaimed funds.

The bankruptcy court for this District was subsequently asked to determine whether the funds were escheatable to South Carolina under that state's law. The competing parties were South Carolina, where the original bankruptcy proceeding took place, and where numerous deceased shareholders of Yellow Popular were

---

[1] South Carolina was then divided into two federal judicial districts. It was reorganized as a single district in 1965. 79 Stat. 951 (1965).

[2] The issues involving ownership are discussed in my ruling denying motions for summary judgment. *Plum Creek Timberlands, L.P. v. Yellow Poplar Lumber Co.,* No. 1:13CV00062, 2016 WL 6651395 (W.D. Va. Nov. 10, 2016).

located, and the United States, which contends that the funds must be held in the United States Treasury, where any claimants may seek recovery.  The bankruptcy court held that the unclaimed funds were not subject to escheat by South Carolina. *In re Yellow Poplar Lumber Co.,* 668 B.R. 132 (Bankr. W.D. Va. 2025) (Black, J.). The court accordingly denied South Carolina's Motion to Transfer Venue and Withdraw and Recover Funds.  South Carolina's appeal has been fully briefed and argued and is now ripe for decision.[3]

## II.  STANDARD OF REVIEW.

In appeals from bankruptcy proceedings, legal conclusions are reviewed de novo.  *Goldman v. Cap. City Mortg. Corp.* (*In re Nieves*), 648 F.3d 232, 237 (4th Cir. 2011).  Courts review venue transfer decisions for abuse of discretion.  *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 443 (4th Cir. 2015).

## III.  DISCUSSION.

This Court now addresses whether: (1) The bankruptcy court erred in applying the 1956 amendment to Section 66 of the Bankruptcy Act of 1898 to determine the disposition of the unclaimed funds; (2) South Carolina is entitled to the funds; and

---

[3]  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 158(a)(1) and 1334(a).

(3) The motion to transfer venue was improperly denied.  I will address each of these issues separately.[4]

### A.  Application of the 1956 Amendment to
### Section 66 of the Bankruptcy Act of 1898.

The parties disagree as to which version of Section 66 of the Bankruptcy Act of 1898 governs the unclaimed funds.  South Carolina contends that Section 66 as it existed between 1928 and 1931 — the pendency of the initial bankruptcy proceeding against Yellow Poplar — is the applicable version.  That version states:

> Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt: Provided, [t]hat, in case unclaimed dividends belong to minors such minors may have one year after arriving at majority to claim such dividends.

Bankruptcy Act of 1898, § 66(b).  The United States, on the other hand, argues that the 1956 amendment to Section 66 applies here.  That version provides:

> Dividends or other moneys which remain unclaimed for sixty days after the final dividend has been declared and distributed shall be paid by the trustee into the court of bankruptcy; and at the same time the trustee shall file with the clerk a list of the names and post-office addresses, as far as known, of the persons entitled thereto, showing the respective amounts payable to them. Such moneys and dividends shall be deposited and withdrawn as provided in title 28, United States Code,

---

[4]  The parties agree that under the savings provision of the Bankruptcy Reform Act of 1978, the Bankruptcy Act of 1898 applies here.  Pub. L. No 95-598, § 403(a), 92 Stat. 2549, 2683 n.5 (1978); *In re Yellow Poplar Lumber Co.*, 598 B.R. 833, 837 (W.D. Va. 2019) (Jones, J.)

section 2042, and *shall not be subject to escheat under the laws of any State*.

Bankruptcy Act of 1898, § 66(a) (amended 1956) (emphasis added). Section 2042 provides that "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042.

I agree with the United States. It has long been recognized that, absent explicit congressional intent, legislation generally will not be applied retroactively. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264 (1994) ("[A] court is to apply the law in effect at the time it renders its decision."). Notwithstanding, South Carolina points to *In re Moneys Deposited*, where the Third Circuit held that Pennsylvania could escheat unclaimed funds in a bankruptcy proceeding. 243 F.2d 443, 448–49 (3d Cir. 1957). However, the funds at issue in *Moneys Deposited* had escheated to Pennsylvania in 1953, well before the 1956 amendment was enacted. *Id.* at 445. Critically, the unclaimed funds in the present case did not even come into existence until 2017, decades after the 1956 amendment was enacted. *See In re Massachusetts*, 206 F. Supp. 106, 110 (D. Mass. 1962) (finding Section 66 as it existed prior to the 1956 amendment to be inapplicable to unclaimed funds where the bankruptcy proceedings commenced prior to the amendment but, as of the date of its enactment, an escheat had yet to take place).

South Carolina also relies on *Moneys Deposited* to assert that the 1956 amendment implicates federalism concerns. There, the Third Circuit found that declining to escheat the unclaimed funds to Pennsylvania would pose serious constitutional concerns. 243 F.2d at 447–48. But as discussed, South Carolina's reliance on *Moneys Deposited* is misplaced. Moreover, the United States asserts that South Carolina has waived any constitutional arguments by failing to raise them before the bankruptcy court. In any event, I agree with the bankruptcy court's assessment that there is no conflict between state and federal law here given that the funds at issue did not escheat prior to the enactment of the 1956 amendment. I affirm the bankruptcy court's finding that the 1956 amendment applies to this case.

### B. Entitlement to the Unclaimed Funds.

Given that the 1956 amendment prohibits escheatment of the unclaimed funds to states, I affirm the bankruptcy court's finding that South Carolina is not entitled to the funds at issue through escheatment.

### C. Motion to Transfer Venue.

As an initial matter, the parties dispute the proper standard this court should apply in reviewing the bankruptcy court's decision to deny South Carolina's request to transfer the case to the District of South Carolina for decision on the question of escheat. Both parties agree that a decision declining to transfer a case is reviewed for abuse of discretion. *Plumbing Servs., Inc.*, 791 F.3d at 443. Notwithstanding,

South Carolina contends that the bankruptcy court did not actually assess the transfer issue on the merits. I disagree.

The bankruptcy court has presided over the present case since 2017. It relied on its extensive knowledge of the applicable facts and law to deny the motion on the ground that the 1956 amendment prohibited escheatment of the unclaimed funds to South Carolina. I thereby find that the bankruptcy court did not abuse its discretion in denying the motion.

## IV.    CONCLUSION.

For the foregoing reasons, the decision of the bankruptcy court will be affirmed. A separate judgment will be entered herewith.

ENTER:  October 22, 2025

/s/  JAMES P. JONES
Senior United States District Judge